UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PHILLIP R. TILLIE,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS, *et al.*,<br><br>Defendants. | Case No. 25-13596<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO SEVER (ECF NO. 23)**

## I. Introduction and Background

Plaintiff Phillip R. Tillie, proceeding pro se, sues nine employees of the Michigan Department of Corrections (MDOC) under 42 U.S.C. § 1983, alleging First and Eight Amendment violations during his incarceration at the St. Louis Correctional Facility (SLF). ECF No. 1. Tillie alleges that Defendants Reed Thomas, Megan Inman, Kevin Chaffin, Jason Andreas, John Christiansen, Chris Lamontola, and Chad Williams violated the First Amendment by retaliating against him for filing grievances. *Id.*, PageID.4-7. The alleged retaliation includes destroying his property, interfering with his legal mail, and issuing a false misconduct ticket. *Id.* Tillie also claims

that Defendants Levi Schantz[1] and Ashley Carpenter were deliberately indifferent to his dental needs in violation of the Eight Amendment. *Id.*, PageID.5-6.

The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8. Defendants move to sever the Eighth Amendment claims against Schantz and Carpenter. ECF No. 23. The Court **RECOMMENDS** that defendants' motion to sever be **GRANTED**.

## II. Analysis

### A.

Under Federal Rule of Civil Procedure 20(a)(2), multiple defendants may be joined in a single action if they meet these criteria: (A) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (B) "any question of law or fact common to all defendants will arise in the action." The Court is mindful that "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). At the same time,

[1] In his complaint, Tillie misspelled Schantz's last name as "Schoulte." ECF No. 1. Defendants include the correct spelling of his name in their motion to sever. ECF No. 23, PageID.60.

"unrelated claims by prisoners against different defendants belong in different lawsuits." *Townsend v. Rhodes*, No. 4:14-CV-10411, 2015 WL 5336630, at *3 (E.D. Mich. Sept. 14, 2015) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). For instance, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Although misjoinder does not warrant dismissal of an action, the Court may sever misjoined parties or claims. Fed R. Civ. P. 21; *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988). Five factors guide whether severance is proper: (1) whether the claims arise out of the same transaction or occurrence, (2) whether the claims present common questions of law or fact, (3) whether settlement or judicial economy would be facilitated, (4) whether prejudice would be avoided, and (5) whether the claims would involve different witnesses and evidence. *Mann v. Mohr*, 802 F. App'x 871, 875 (6th Cir. 2020).

**B.**

Tillie's Eighth Amendment claims against Shantz and Carpenter arise from different transactions or occurrences than his First Amendment claims against the other defendants. His retaliation claims against Thomas, Inman, Chaffin, Andreas, Christiansen, Lamontola, and Williams are

unrelated to his deliberate indifference claims against Shantz and Carpenter for failure to treat Tillie for a tooth filling. ECF No. 1, PageID.4-7. Indeed, Tillie does not allege that anyone outside of Shantz and Carpenter played a role in the deliberate indifference of his medical needs. And Tillie's retaliation and deliberate indifference claims do not share common questions of law, as those claims have different legal standards. *Compare Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (outlining the standard for retaliation claims), *with Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (outlining the standard for deliberate indifference claims).

It follows that severance of the Eighth Amendment claims against Shantz and Carpenter is warranted. *See Fields v. Martin*, No. 13-CV-10166, 2013 WL 5182182, at *4 (E.D. Mich. Sept. 13, 2013) (adopting recommendation to sever claims when the claims "involve[d] distinct factual scenarios, different time periods and different legal standards" (citing *George*, 507 F.3d at 606–07 (plaintiff's unrelated claims of denial of medical care and retaliation asserted against different defendants belong in different lawsuits))).

Tillie makes a conclusory claim in his response to defendants' motion that "[Carpenter] made comments concerning [his] multiple filed grievances." ECF No. 25, PageID.67. But he did not allege in his

complaint that those comments were made. *See* ECF No. 1, PageID.5-6. Tillie may not amend his complaint by way of his response brief. *Jocham v. Tuscola County,* 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003).

Under Federal Rule of Civil Procedure 21, the remedy for misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party"); *see also Cage v. Michigan*, No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018) (severing and dismissing claims without prejudice under Rule 21 in prisoner civil rights case for misjoinder).

## III. Conclusion

The Court **RECOMMENDS** that defendants' motion to sever be **GRANTED**, leaving only Tillie's First Amendment retaliation claims against Thomas, Inman, Chaffin, Andreas, Christiansen, Lamontola, and Williams. His Eight Amendment claims against Schantz and Carpenter should be dismissed without prejudice.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 17, 2026

**NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 17, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager